IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LEMIRE ASSOCIATES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOWMET AEROSPACE, INC. and RTI REMMELE ENGINEERING, INC.,<br><br>　　　　　Defendants. | Civil No. 23-cv-1345 (RMB/EAP)<br><br>MEMORANDUM ORDER |

**THIS MATTER** comes before the Court upon the joint letter from Plaintiff Lemire Associates (Lemire) and Defendants Howmet Aerospace, Inc. and RTI Remmele Engineering, Inc. (collectively, Howmet) in response to this Court's Order regarding court-ordered mediation and Howmet's earlier request for leave to file a motion to dismiss Lemire's Amended Complaint. [Docket Nos. 36-41.]  While neither party opposes mediation, they believe mediation may be unproductive given their conflicting interpretations of the Sales Representative Agreement—the agreement at the heart of this dispute (the Contract). [Docket No. 41.]  This Court thoroughly reviewed the Contract when deciding Howmet's first motion to dismiss.  *Lemire v. Howmet*, 2024 WL 3024878, at *10-11 (D.N.J. June 17, 2024).  The Court clarifies that Opinion now to resolve the parties' conflicting interpretations of the Contract so mediation can be productive.

Lemire argues he is entitled to commissions "so long as orders are in place prior to termination, even if the contract is terminated, so long as Howmet gets paid." [Docket No. 41.]  This Court already rejected this interpretation.  *Lemire*, 2024 WL 3024878, at *11.  As the Court explained,

1

> The Contract's termination provision preserves Lemire's right to receive a commission if the right "accrued" before the "effective date" of the agreement's termination. In addition, the right to receive a commission following the Contract's termination must be "in accordance with the provisions of this Agreement." This provision must be read together with the Contract's compensation provision because that provision addresses Lemire's right to receive a commission. And as explained above, Section 10(b) provides Lemire earns a commission when Howmet receives "full, final, and complete payment" from the customer.
>
> Under a plain reading of both provisions, Lemire's right to receive a commission accrues when Lemire earns a commission under Section 10(b), and Lemire is entitled to earned commissions for any sales made before the Contract's termination. So Howmet must pay Lemire a commission on any sale Lemire made before the [effective date of the] Contract's termination that Howmet received full and final payment from the customer.

*Id.* (citations omitted). Again, the Contract's termination will not affect Lemire's right to receive a commission so long as that right "accrued *before* the effective date" of the termination. *Id.* (emphasis added). Thus, under the Contract, Howmet must pay Lemire commissions that are "earned" before the effective date of the Contract's termination. *Id.* at *10-11. Said another way, if Howmet received "full, final, and complete" payment from a customer on a sale that Lemire made, Howmet must pay Lemire a commission for that sale only if Howmet received that payment before the effective date of the Contract's termination. *Id.*

With that clarification, the Court hereby **ORDERS** that:

1. This civil action be, and hereby is, **REFERRED TO MEDIATION** consistent with L. Civ. R. 301.1 and Appendix Q. The mediator shall be **selected by the Clerk of the Court**, subject to the mediator's completion of a conflicts check. Counsel shall contact the mediator, once assigned, to schedule the mediation session(s). The mediator's contact

information will be available on the Court's website at the following address: https://www.njd.uscourts.gov/sites/njd/files/MasterListMediation.pdf.

2. Counsel and the parties shall mutually participate in mediation and fully cooperate with the mediator. Counsel and the parties (including individuals with settlement authority) shall attend mediation sessions, as requested by the mediator.

3. The mediator may meet with counsel and parties jointly or *ex parte*. All information presented to the mediator shall be deemed confidential and shall be disclosed by the mediator only upon consent of counsel, except as necessary to advise the Court of an apparent failure to participate. The mediator shall not be subject to subpoena by any party. No statements made or documents prepared for mediation sessions shall be disclosed in any subsequent proceeding or be deemed as an admission against interests.

4. All proceedings in this matter are **ADMINISTRATIVELY TERMINATED** (except for discovery as agreed to by the mediator and counsel) pending mediation.

                                            **s/Renée Marie Bumb**
                                            RENÉE MARIE BUMB
                                            Chief United States District Judge

cc:    The Honorable Leda D. Wettre, U.S.M.J., Mediation Compliance Judge